REQUESTED BY: Senator John DeCamp Member of the Legislature 1116 State Capitol Lincoln, Nebraska 68509
Dear Senator DeCamp:
You have submitted to us a proposed amendment to the Carsten amendment of LB 816, and asked our opinion as to its constitutional validity. LB 816 provides for distribution of state aid which would begin after July 1, 1982. Your amendment would provide that such distributions should be made until the Supreme Court has ruled on the constitutionality of Neb.Rev.Stat. §§ 77-3611 to 77-3615
(Supp. 1981).
If the court rules those sections unconstitutional, the distributions would continue as provided under the provisions of LB 816. If it rules the sections constitutional, the payment would be made pursuant to those sections.
While this is a very unusual provision, and, in the limited time we have had to work on it we have found no exact precedent, we can see no reason, in theory, why a provision of this type could not be sustained. We believe that making the application of a statute contingent upon a future ascertainable event is proper and is not unprecedented. The ruling of the Supreme Court on the validity of §§ 77-3611 to77-3615 is such an event.
In Smithberger v. Banning, 129 Neb. 651, 262 N.W. 492
(1935), the court held that a statute contingent upon a future act of Congress amounted to an unconstitutional delegation to Congress of the Legislature's legislative powers. We do not believe that case is applicable, because the action of the Supreme Court will not be a discretionary, legislative, action, but a nondiscretionary, judicial, action. We believe that there is a controlling different between making the application of a statute contingent upon discretionary action of another body and making it contingent on the happening of some event or nondiscretionary action.
We must point out, however, that several areas need to be clarified in your amendment. That amendment would eliminate the repeal of §§ 77-3611 to 77-3615. These sections now provide for the distribution of $70 million in state aid starting in December, 1982. LB 816, on the other hand, provides for the distribution of $82,600,000 to different entities than those provided for in §§ 77-3611 to 77-3615, beginning in July, 1982. Your amendment does not make it clear that no payments are to be made under §§ 77-3611 to77-3615 until such time as these sections are held to be constitutional, although we are sure that is your intention. Considerable confusion could arise if the court has not ruled by December, 1982, if §§ 77-3611 to 77-3615 remain in the statutes, providing for certain distributions, and at the same time other distributions are being made pursuant to LB 816. This should be clarified. We must also point out the difficulties that would arise if §§ 77-3611 to 77-3615
are upheld after distributions have been made as provided in LB 816. Under §§ 77-3611 to 77-3615, apparently all taxing subdivisions would be entitled to some money. That is not true with respect to LB 816, which, as we understand it, gives money only to schools, technical community colleges, incorporated municipalities, and counties. We have not analyzed all of the ramifications of a distribution of a substantial portion of the $82,600,000 before the switch to § 77-3611
to 77-3615, but some questions would arise.
For example, in that contingency, should a total of $70 million be distributed, as contemplated by § 77-3612, or $82,600,000, as contemplated by LB 816? Should subdivisions which had received money under LB 816 be charged with those payments, in order that all would receive the same treatment for the full year, as contemplated by §§ 77-3611 to 77-3615, or should they simply retain what they got under LB 816, and the balance of what was left of the $82,600,000 (or $70 million) be divided as contemplated by §§ 77-3611 to77-3615? This latter solution would, of course, result in those subdivisions omitted under LB 816 getting proportionately much less than they would if §§ 77-3611 to 77-3615
were applied for the full year.
Also, what should be the operative date of a ruling of the Supreme Court that §§ 77-3611 to 77-3615 are constitutional, which will trigger the switch in distribution? Is it the date of the issuance of the original opinion, the overruling of a possible motion for rehearing, or the issuance of the mandate? We assume that it would not be the date of the entry of the order of the district court on the mandate, since your amendment speaks of a ruling of the Supreme Court, but there are three dates which could be applicable under the language of the amendment, which could make a considerable difference in the distribution of the fund.
There are, no doubt, other areas of uncertainty which should be cleared up. Someone should sit down and analyze very carefully all of the ramifications of this amendment, so that all questions as to just how it will work will be answered in the bill. Otherwise, the court may hold the bill void as being unconstitutionally vague and uncertain.
See State ex rel. Douglas v. Herrington, 206 Neb. 516,294 N.W.2d 330 (1980).
Very truly yours, PAUL L. DOUGLAS Attorney General Ralph H. Gillan Assistant Attorney General